UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELVIN MCGILL & PAMELA HORNE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-281 |
| ) | |
| HAMMOND POLICE DEPARTMENT ) | |
| & CITY OF HAMMOND, INDIANA, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

In response to the court's *sua sponte* order [DE 29] providing 7 days for the parties to object to the dismissal of the Hammond Police Department, Plaintiffs argue that the Hammond Police Department should remain a party. [DE 30]. In **Sow v. Fortville Police Department**, 636 F.3d 293, 300 (7th Cir. 2011), the Seventh Circuit instructed that local government liability under § 1983 "is dependent on an analysis of state law." See **McMillian v. Monroe County**, 520 U.S. 781, 786, 117 S. Ct. 1734, 138 L.Ed.2d 1 (1997). Under Indiana law, a "[m]unicipal corporation" is a "unit, ... or other separate local governmental entity that may sue and be sued." Ind. Code § 36–1–2–10. A "'[u]nit' means county, municipality, or township," Ind. Code § 36–1–2–23, and a "[m]unicipality" is a "city or town," Ind. Code § 36–1–2–11. Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued. See **Martin v. Fort Wayne Police Dep't.**, 2010 WL 4876728, at *3 (N.D. Ind. 2010).

In Plaintiffs' response [DE 30] to the court's order, Plaintiffs cite to Indiana law. [DE 30]. However, this case is governed by federal law as the case was removed pursuant to allegations of

federal questions. [DE 1]. Given the claims raised, this Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C.§1367.

In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities are liable under § 1983 when they implement a policy officially adopted and promulgated by the municipality's officers. Plaintiffs attempt to avoid the **Monell** issue by citing to Indiana cases that would permit the Hammond Police Department to be sued as an extension of the City of Hammond. [DE 30]. Again, however, this case is governed by federal law, not Indiana law.

Accordingly, the court **RECOMMENDS** that the District Court **ORDER** that the Hammond Police Department be **DISMISSED** from the case.

This Report and Recommendation is submitted pursuant to **28 U.S.C. § 636(b)(1)(C)**. Pursuant to **28 U.S.C. § 636(b)(1)**, the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corp.***, 882 F.2d 258, 260-261 (7th Cir. 1989); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 20th day of November, 2024.

/s/ Andrew P. Rodovich  
United States Magistrate Judge